IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRADLEY PRICE BARBER,　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Petitioner,　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　Case No. CIV-06-1260-W
　　　　　　　　　　　　　　　　　）
JUSTIN JONES, D.O.C. Director,　　）
　　　　　　　　　　　　　　　　　）
　　　　　Respondent.　　　　　　　）

# REPORT AND RECOMMENDATION

Mr. Bradley Barber was convicted in state court on drug charges and he sought federal habeas relief, alleging in part:

- abuse of the legal process through the use of evidence from an unlawful search and

- ineffective assistance of trial counsel.

The federal district court rejected these claims more than three years and seven months ago, reasoning that:

- habeas relief on the challenge to the search was unavailable under *Stone v. Powell*, 428 U.S. 465 (1976), because the claim rested on violation of the Fourth Amendment and the petitioner had a full and fair opportunity to litigate the issue in state district court and

- habeas relief was unavailable on the ineffective assistance claim because the state appeals court had reasonably applied Supreme Court precedent in determining that the failure to call the "911 Operator" as a witness was not prejudicial.

The Petitioner moves for relief from these parts of the decision, invoking Federal Rule of Civil Procedure 60(b)(4) and (6). In the present action, Mr. Barber claims that the federal district court had:

- misapplied *Stone v. Powell* on the Fourth Amendment claim and
- failed to conduct an evidentiary hearing and to conduct *de novo* review on the ineffective assistance claim.

The Court should deny Mr. Barber's motion with respect to the claims involving misapplication of *Stone v. Powell* and failure to conduct an evidentiary hearing. For Mr. Barber's argument involving improper deference, the Court should order dismissal based on a lack of jurisdiction.

The Claims Involving Abuse of the Legal Process

In the petition, Mr. Barber claimed abuse of the legal process through the use of evidence acquired in an unlawful search. His present challenges to the handling of that claim are cognizable under Rule 60, but they are not timely and the prior decree of this Court is not void. Thus, the Court should decline relief under Rule 60(b)(4) or (6).

I.  Whether the Motion Is Cognizable Under Rule 60

The threshold issue is whether the Petitioner's present challenge is cognizable under Rule 60 or is effectively a second habeas petition. The Supreme Court has distinguished between the two, stating that a true Rule 60 motion involves the integrity of the habeas adjudication rather than a renewed challenge to the constitutionality of the state court

proceedings.[1] The present claim involves the federal district court's reliance on *Stone v. Powell* rather than the merits of the underlying habeas claim. This Court has held that Rule 60 can be invoked to challenge the manner in which *Stone v. Powell* has been applied to a habeas claim.[2] As a result, the federal district court can entertain Mr. Barber's Rule 60 motion.

II. Application

Mr. Barber has invoked two provisions, Rules 60(b)(4) and (6). These rules would not support relief.

A. Rule 60(b)(4)

To prevail under Rule 60(b)(4), the Petitioner must show that the federal district court's prior judgment is "void."[3] A judgment is considered "void" only when the court lacks jurisdiction or the decision is based on a due process violation involving lack of notice or an opportunity to be heard.[4]

---

[1] *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005).

[2] *Shouse v. Jones*, 2008 WL 686237, Westlaw op. at 1 (W.D. Okla. Mar. 6, 2008) (unpublished op. by Friot, J.); *accord Berryhill v. Calbone*, 2006 WL 2434476, Westlaw op. at 1 (N.D. Okla. Aug. 22, 2006) (unpublished op. by Kern, J.) (holding that a ruling regarding the unavailability of habeas relief under *Stone v. Powell* was a true Rule 60(b) motion and was not subject to the restrictions on second or successive habeas petitions).

[3] Rule 60(b)(4) allows the court to relieve a party from a final judgment on grounds that "the judgment is void." Fed. R. Civ. P. 60(b)(4).

[4] *See United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S. Ct. 1367, 1377 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" (citations omitted)).

The Petitioner does not question the existence of jurisdiction in the prior action.[5] Instead, he argues that the Court committed a due process violation by misapplying *Stone v. Powell*. The prior ruling would not have become void based solely on the existence of error.[6] Although Mr. Barber uses the label "due process," he does not suggest a lack of notice or opportunity to be heard. That omission is fatal to Mr. Barber's attempt to utilize the narrow authority in Rule 60(b)(4) for due process violations.[7]

B. Rule 60(b)(6)

Mr. Barber also invokes Rule 60(b)(6), a catch-all provision. Unlike Rule 60(b)(4), Rule 60(b)(6) must be invoked within a reasonable time.[8] Once the court ruled on the underlying habeas petition, Mr. Barber waited more than three years and four months to file the Rule 60 motion. Mr. Barber's delay was too long for invocation of Rule 60(b)(6).[9]

---

[5] "[A]s a matter of statute, the district court has jurisdiction over petitions for habeas corpus." *Hopkins v. Galetka*, 370 Fed. Appx 909, 911 (10th Cir. Mar. 29, 2010) (unpublished op.) (citing 28 U.S.C. § 2241(a) (2008)).

[6] *See United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S. Ct. 1367, 1377 (2010) ("'A judgment is not void' . . . 'simply because it is . . . erroneous.'" (citations omitted)).

[7] *See supra* p. 3.

[8] *See* Fed. R. Civ. P. 60(c)(1); *see also Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, 'is not subject to any time limitation'" (citations omitted)).

[9] *See V.T.A., Inc. v. Donnelly Mirrors, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) (sixteen months); *Davis v. Warden, Federal Transfer Center*, 259 Fed. Appx. 92, 94 (10th Cir. Dec. 14, 2007) (unpublished op.) (almost three years); *Mehdipour v. City of Oklahoma City*, 145 F.3d 1346, 1998 WL 199648, Westlaw op. at 2 (10th Cir. Apr. 24, 1998) (unpublished op.) (three years).

### The Claim Concerning Ineffective Assistance of Trial Counsel

The search stemmed from a "911" call about Mr. Barber while in a motel room. In the petition, he challenged the constitutionality of the search in part on grounds that the caller had not been in the motel room. The ineffective assistance claim was based in part on the attorney's failure to use the "911 Operator" as a witness. According to Mr. Barber, the operator would have been able to conclusively demonstrate that the caller had not been in the motel room.

I.  The Petitioner's Present Arguments

The Petitioner argues that the federal district court had failed to provide *de novo* review and an evidentiary hearing.[10]

II. The Claim Involving Improper Deference

In urging *de novo* review, the Petitioner is challenging the Court's prior disposition on the merits. This part of the claim involves a second and successive habeas petition, rather

---

[10] In his motion, Mr. Barber writes:

> Petitioner further asserts that his due process rights were violated when the Court failed to provide *de novo* review of his ineffective trial counsel claims (Ground Six) where the state courts never acknowledged the evidence presented and failed to afford Petitioner an evidentiary hearing.

Petitioner's Motion Pursuant to Rule 60(B)(4) & (6) to Alter or Ammend [sic] Judgemnt [sic] with Brief-in-Support at p. 5 (Dec. 1, 2010). In complaining about the failure to conduct an evidentiary hearing, Mr. Barber is unclear about whether he is referring to the state court or the federal court. In review of Mr. Barber's Rule 60 motion, the Court should liberally construe the reference as an attack on the integrity of its prior ruling through the failure to conduct an evidentiary hearing on the ineffective assistance claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

than a challenge to the integrity of the Court's review under Rule 60. As a result, this part of the Petitioner's theory is not cognizable under the rule.[11]

The resulting issue is whether the Court retains jurisdiction over a second habeas petition which addresses the appropriate standard of review on the ineffective assistance claim. The Court should answer in the negative.

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[12] Because the present claim is "second or successive" and Mr. Barber has not obtained appellate authorization to proceed, the federal district court lacks jurisdiction.[13]

Because the Court lacks jurisdiction, it can order either dismissal or transfer to the court of appeals.[14] In deciding between dismissal and transfer, the Court considers whether transfer would be in the interest of justice.[15] This inquiry is guided by three considerations:

---

[11] *See Clark v. O'Brien*, 2010 WL 4126218, Westlaw op. at 3 (10th Cir. Oct. 21, 2010) (unpublished op.) (holding that a claim, involving the district court's "improper *procedural* decision to defer to the state court," is a merits determination that involves a second and successive habeas petition rather than a "true Rule 60 motion" (emphasis in original)).

[12] 28 U.S.C. § 2244(b)(3)(A) (2006); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

[13] *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

[14] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

[15] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

6

- whether the claim[] would be time-barred if filed anew in the proper forum,

- whether the claim[] [is] likely to have merit, and

- whether the claim[] [was] filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[16]

The third factor supports transfer. But the Court should dismiss the Petitioner's challenge to the standard of review because a transfer would be futile.

The Court has no reason to question Mr. Barber's good faith. His motion under Rule 60 is well-presented and reflects considerable preparation by a layperson in a completed set of procedural rules. Although Mr. Barber has presumably acted in good faith, transfer of the present claim - error in the Court's failure to apply *de novo* review - would be futile for three reasons:

- The Tenth Circuit Court of Appeals would likely conclude that it could not entertain a second habeas petition;

- the underlying claim would likely fail because settled law required deference to the state appeals court's decision; and

- the court would likely regard the proposed habeas claim as untimely even if the action were to be transferred.

If the petition were transferred, the new claims would be dismissed unless:

(A) the applicant show[ed] that the claim relie[d] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[16] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*) (citation omitted).

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[17]

The Petitioner's allegations do not translate into the Supreme Court's recognition of a new constitutional rule or the discovery of a new factual predicate for habeas relief. The ultimate inability to satisfy Section 2244(b)(2) would suggest the futility of a transfer.[18]

Even if the court were to entertain a second habeas petition, Mr. Barber's present claim would fail as a matter of law. He asserts that the Court should have engaged in *de novo* review, but disregards 28 U.S.C. § 2254(d) and the magistrate judge's prior explanation for the deference accorded to the state appeals court's decision.[19] Mr. Barber's unsupported desire for *de novo* review is plainly inconsistent with the statute and Supreme Court case law.

Finally, the statute of limitations would likely bar assertion of the present claim even if it were to be transferred. The limitations period is one year;[20] and, as discussed above, Mr. Barber waited over three years after the Court's ruling in which to file the Rule 60(b)

---

[17] 28 U.S.C. § 2244(b)(2) (2006).

[18] *See Runnels v. Workman*, 2009 WL 2669109, Westlaw op. at 1 (10th Cir. Aug. 28, 2009) (unpublished op.) ("A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in § 2244(b)(2)." (citation omitted)).

[19] Report and Recommendation at pp. 7-11 (May 3, 2007), *adopted* (W.D. Okla. July 10, 2007).

[20] *See* 28 U.S.C. § 2244(d) (2006).

motion.[21] Thus, even if Mr. Barber's new habeas claim were otherwise valid and were to be transferred, it would likely be considered untimely.[22]

In these circumstances, the federal district court should dismiss the action rather than engage in a futile transfer to the circuit court.[23]

III.   The Claim Involving Failure to Conduct an Evidentiary Hearing

The Tenth Circuit Court of Appeals has held that a claim involving the failure to conduct an evidentiary hearing is cognizable under Rule 60.[24] Still, the Petitioner would not be able to demonstrate voidness of the Court's earlier ruling or the filing of the present motion within a "reasonable time."[25] As a result, Mr. Barber cannot obtain relief under Rule 60(b)(4) or (6).[26]

---

[21]   *See supra* p. 4.

[22]   *See Reed v. Parker*, 2008 WL 4534127, Westlaw op. at 1, 3 (W.D. Okla. Sept. 30, 2008) (unpublished op.) (holding that the court should dismiss the second habeas petition, rather than order transfer, because any new challenge to the conviction "would now be barred by the applicable one-year limitations period" (citation omitted)).

[23]   *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*) ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." (citation omitted)).

[24]   *Woodberry v. Bruce*, 203 Fed. Appx. 186, 190 (10th Cir. Oct. 11, 2006) (unpublished op.).

[25]   *See supra* pp. 3-4.

[26]   *See supra* pp. 3-4.

Recommended Ruling

The Court should deny Mr. Barber's Rule 60 motion with respect to the arguments involving misapplication of *Stone v. Powell* and failure to conduct an evidentiary hearing. On the contention involving use of the wrong standard, the Court should order dismissal for lack of jurisdiction.

Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[27] The deadline for objections is March 28, 2011.[28] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[29]

Status of the Referral

The referral is discharged.

Entered this 9th day of March, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[27] *See* 28 U.S.C. § 636(b)(1) (2009 supp.).

[28] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[29] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").