IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

APR -6 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

BRADLEY PRICE BARBER, )
)
Petitioner, )
)
vs. ) No. CIV-06-1260-W
)
JUSTIN JONES, D.O.C. Director, )
)
Respondent. )

## ORDER

Petitioner Bradley Price Barber commenced this action in November 2006 by filing a Petition for Writ of Habeas Corpus ("Petition") seeking relief under title 28, section 2254 of the United States Code. See Doc. 1. The matter was referred to United States Magistrate Judge Robert E. Bacharach for review, and on May 3, 2007, he issued a Report and Recommendation, urging the Court to deny Barber's Petition. See Doc. 22.

Upon de novo review, the Court concurred with Magistrate Judge Bacharach's suggested disposition. See Doc. 26. As the Court found, "[r]eview of the merits of Propositions One, Two, Three and Four [of Barber's Petition], wherein Barber ha[d] relied upon the fourteenth amendment to the United States Constitution to challenge the search and seizure of evidence in this case, [was] . . . barred by the decision of the United States Supreme Court in Stone v. Powell, 428 U.S. 465 (1976)." Doc. 26 at 1. The Court likewise found that "[r]eview of the merits of Proposition Five [was] . . . likewise precluded by Stone, despite Barber's characterization of this proposition as an 'abuse of the legal process' claim." Id.

In examining the remaining propositions, including Propositions Six (ineffective assistance of trial counsel) and Eleven (ineffective assistance of appellate counsel), the Court found that none of the arguments and authorities asserted by Barber in support thereof entitled Barber to the relief he had requested. E.g., id. at 1-2. The Court further determined that Barber had advanced no grounds that warranted an evidentiary hearing. E.g., id. at 2.

Accordingly, the Court on July 10, 2007, adopted Magistrate Judge Bacharach's Report and Recommendation and denied Barber's Petition. E.g., id. at 2. Judgment in favor of respondent Justin Jones, D.O.C. Director, was entered that same day. See Doc. 27.

Barber appealed, and the United States Court of Appeals for the Tenth Circuit, after concluding that Barber had "failed to make 'a substantial showing of the denial of a constitutional right,'" Barber v. Jones, 279 Fed. Appx. 710, 711 (10th Cir. 2008), denied Barber's request for a certificate of appealability. The appellate court agreed that "Barber was not eligible for relief on his Fourth Amendment claims," id. at 713-14, as set forth in Propositions One through Four, and it rejected his ineffective assistance claim as it pertained to both his trial and appellate counsel. E.g., id at 714-15; id. at 718-19.

The circuit court evaluated each of Barber's other claims, and particularly, his claim as set forth in Proposition Five "that his arrest was illegal and represented an abuse of process." Id. at 713. In so doing, the Tenth Circuit agreed with Magistrate Judge Bacharach "that this claim was 'merely a reformulation of [. . . Barber's] Fourth Amendment theories,' and was therefore barred by Stone." Id.

2

Having determined that Barber had failed to establish that this Court's "resolution of [his] constitutional claim[s] was either 'debatable or wrong,'" id. at 712 (quotation omitted), and because an evidentiary hearing was not warranted on the grounds that "proof of his allegations would [not] have justified habeas relief," id. at 719 (citation omitted), the circuit court dismissed Barber's appeal.

Thereafter, Barber unsuccessfully sought both a rehearing before the Tenth Circuit, see Doc. 36, and a writ of certiorari from the United States Supreme Court. See Doc. 37 (advising that petition for writ of certiorari denied on October 20, 2008).

In December 2010, Barber filed a Motion to Alter or Amend Judgment pursuant to Rule 60(b), F.R.Civ.P., wherein he requested that the Court alter or amend its Order and Judgment dated July 10, 2007. The motion was referred to Magistrate Judge Bacharach, and on March 9, 2010, Magistrate Judge Bacharach issued his Report and Recommendation. The parties were advised of their right to object, and the matter now comes before the Court on Barber's Objection to Report and Recommendation. See Doc. 47.

Upon de novo review, the Court agrees with Magistrate Judge Bacharach's findings and recommendations. The two rules on which Barber has relied–Rule 60(b)(4), which pertains to "void" judgments, and Rule 60(b)(6), which is a "catch-all" provision that must be invoked within a reasonable time–in questioning the Court's application of Stone, its characterization of his "abuse of process" claim and its failure to conduct an evidentiary hearing provide no relief. Furthermore, to the extent, Barber has challenged this Court's prior disposition of the merits of his Petition and its failure to conduct a de novo review of his ineffective assistance of counsel claims, such challenges constitute a second and

successive habeas petition over which this Court lacks jurisdiction. E.g., In re Cline, 531 F.3d 1249 (10th Cir. 2008)(per curiam).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 46] issued on March 9, 2011;

(2) DENIES Barber's Motion to Alter or Amend Judgment [Doc. 39] file-stamped December 1, 2010, as stated herein; and

(3) DISMISSES said motion to the extent it constitutes a second and successive habeas petition.[1]

ENTERED this 6th day of April, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] For the reasons stated by Magistrate Judge Bacharach, the Court finds a transfer of this matter to the Tenth Circuit is not in the interest of justice. E.g., In re Cline, 531 F.3d 1249 (10th Cir. 2008)(per curiam).